On Rehearing.
 

 MOISE, Justice.
 

 The defendants are appealing from a judgment of conviction for the alleged violation of Act 212 of 1934. The issues before the Court, on rehearing, are (1) the interpretation of this statute; and (2) the admissibility as distinguished from the sufficiency of the' evidence.
 

 An analysis of the Act shows that it denounces three offenses:
 

 1. To prospect by means of mechanical devices for oil and minerals on public lands without the consent of the State Land Office;
 

 2. To prospect for oil with mechanical devices on public highways without the consent of the State Highway Department; and
 

 3. To prospect for oil and minerals with mechanical devices on private property without the consent of the owner.
 

 The statute also contains a conditional clause: “Provided, that on such public highways as are not regularly maintained by the Louisiana Highway Commission, it shall be sufficient to procure the consent of the Police Jury of the Parish in which such public highway is located.”
 

 The original indictment discloses that the defendants were charged with “prospecting with mechanical devices on the private lands and property of George B. Franklin, without his consent, and with prospecting with mechanical devices on public high
 
 *489
 
 ways maintained by the State and on public highways not maintained by the State which run through, over, across and upon the lands of said Franklin, without permit * * 'phis indictment was subsequently amended, pursuant to an order of court, and there was deleted therefrom all that part of the charge which referred to prospecting on the public highways. There remained only the charge that the defendants had prospected on the private lands and property of George B. Franklin, without his consent. It was for this offense they were tried and convicted. Proper and timely objections were made to all of the rulings of the trial court and formal bills of exception were reserved by the defendants.
 

 The defendants herein had a permit from the Highway Department to prospect for oil and gas with mechanical devices on the public highways. The proof offered on the trial, as was noted in both the original and the dissenting opinions, shows that the tests conducted by the defendants were on parish roads that traversed the lands owned by Mr. Franklin. Although these roads were not formally dedicated, they are servitudes of way — public roads or highways — by virtue of prescription.
 

 The transcript reveals the fact that during the trial, the objections made by the defendants were both general and specific. It is of particular note that these defendants did strenuously object and did reserve bills of exception, which were properly confected and signed, to any evidence that tended to enlarge the issue over and beyond that set out in the amended indictment. Nevertheless, over these objections, the trial court did allow the State to introduce evidence of operations which proved an allegation previously deleted from the indictment.
 

 There is considerable difference of law and fact in the making of a survey and the -actual use of a gravity meter machine on the surveyed location. The statute itself makes the distinction. To be a completed crime in the instant case (a) the prospecting for oil or minerals must be made, (b) a mechanical device mus-t be used, (c) on private property, without the consent of the owner. All three of these ingredients must be proved beyond a reasonable doubt.
 

 The record before us clearly shows that the defendants were convicted on proof offered for prospecting for oil on a public highway, without the consent of the person who owned ■ the soil and mineral rights under the right of way. This is not the charge of the indictment. Therefore, this variance -between the allegations of the indictment and the proof is fatal. The manifest error is the admitted evidence.
 

 The statute — Act 212 of 193d— is penal and mus-t be strictly construed. The Legislature prescribes the definition of a crime; -the court cannot supply one. The Legislature, in this act fixed the consent of the Highway Department as exclud
 
 *491
 
 ing a conviction for prospecting on a highway maintained by the State, and the consent of the Police Jury of the parish as being sufficient to exclude a conviction for prospecting on public highways maintained by the police jury. The act prescribes one rule for private property and another for public highways. Therefore, if the court were to sustain the convictions of the defendants herein, the effect would be that of writing into this statute that consent be obtained from another class— the owner of the bed of the public highway. The granting of a privilege is one thing— defining a crime is another. It is clear that the Legislature in adopting this statute could not have meant to- include within the term private property any public highway of the State, even though a private citizen might own the soil and mineral rights thereunder. The presumption in a criminal ■case is one of innocence. A rule of statutory construction is affirmatio unius ex-clusio est alterius — the affirmance of one thing is the exclusion of the other.
 

 It is therefore ordered, adjudged, and decreed that the verdicts and the sentences appealed from are annulled and set aside, and this case is ordered remanded to the lower court to^ be proceeded with according to law. The State’s right to apply for a rehearing is reserved.
 

 HAWTHORNE, Justice (dissenting), written reasons.
 

 PONDER, J., dissents.